IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KENNETH B. DAVENPORT,　　　　　:　　**NO. 4:05-CV-2347**

　　　　　Plaintiff,　　　　　:　　(Judge John E. Jones, III)

　　　　　v.　　　　　　　　　:　　(Mag. Judge Smyser)

SHARON BURKS, Chief　　　　　:
Grievance Officer, <u>et al.</u>,　　:

　　　　　Defendants.　　　　　:

## PLAINTIFF'S PRE-TRIAL MEMORANDUM

<u>Pursuant</u> to the Court's Pre-Trial Order of November 3,
2008, Plaintiff submits the following memorandum as provided
in Appendix B of the Local Rules of Court:

### A.　Jurisdiction

**This** is a **Title 42 U.S.C.A. §1983** civil action brought by
a state prisoner for a deprivation of his rights, privileges
or immunities as secured by the Constitution and laws of the
United States.

The jurisdiction of the Court is invoked pursuant to **Title
28 U.S.C.A. §1331** which provides that "[t]he district courts
shall have original jurisdiction of all civil actions arising
under the Constitution, laws or treaties of the United States."

### B.　Summary of Material Facts

**The** plaintiff is presently confined at the State Correctional
Institution at Dallas (otherwise known as "SCI-Dallas"). The
defendants are ten officials or employees of the Pennsylvania
Department of Corrections: Sharon Burks, Chief Grievance
Coordinator in the Secretary's Office of Inmate Grievances and
Appeals ("SOIGA"); Robert S. Bitner, Chief Hearing Examiner;
Edward Klem, Superintendent at the State Correctional Institution

at Mahanoy ("SCI-Mahanoy"); Kenneth Chmielewski, Deputy Superin-
tendent for Centralized Services at SCI-Mahanoy; Steven Datchko,
Security Lieutenant at SCI-Mahanoy[1]; Ruth Wingard, a Corrections
Officer Trainee at SCI-Mahanoy; Patricia Ramer, School Principal
at SCI-Mahanoy; Donna Roman, Librarian Assistant at SCI-Mahanoy;
and Vincent Mooney, formerly the Security Captain at SCI-Mahanoy
and now the Deputy Superintendent for Facility Management at
SCI-Dallas.

This action was commenced on November 14, 2005, and is
premised on a series of events that began during a law library
session on April 1, 2004, and culminated with Plaintiff's transfer
from SCI-Mahanoy to Dallas in March of 2005.

More particularly, during the law library session on April
1, 2004, legal paperwork was confiscated from the Plaintiff.
An institutional misconduct report was issued by Officer Antalosky
charging him with "possession of contraband" and "presence in an
unauthorized area." The misconduct was subsequently dismissed
by the hearing examiner with the notation that it could be
re-issued with more documentation.

Following the April 1, 2004, misconduct incident, plaintiff
took several steps to engage  SCI-Mahanoy and/or DOC officials
regarding the policies that come into play when inmates are
offering or receiving assistance from other prisoners on legal

---

1.   Steven Datchko was ultimately dismissed as a defendant
following the grant of summary judgment in his favor by the
Court's Order of August 7, 2008. (Rec. Doc. 154)

**matters.** For example, Plaintiff sent a number of DC-135As
(Request to Staff) to Defendant Ramer seeking to clarify regarding
inmate assistance of other inmates in the law library and to
reconsider specific policies articulated that only legal materials
pertaining to a prisoner's own case may be typed on the typewriter
and that letters, pleadings, or other petitions belonging to
other inmates are considered contraband.

During meetings that Plaintiff had with both Defendants
Ramer and Chmielewski he produced copies of legal cases such
as Gilmore v. Lynch and the Third Circuit's 2002 decision in
Carter v. McGrady which noted that "Carter was never charged
with misconduct for helping other inmates [at SCI-Mahanoy] with
legal matters or having their legal materials in his cell."

A key meeting occurred on September 13, 2004, which was
attended by Defendants Ramer and Chmielewski and Maryjanne
Hesse (the prison's librarian and a nondefendant). During this
meeting Defendant Chmielewski stated to the plaintiff that
"library staff will not facilitate inmate requests to work
with other inmates in the library as a security issue." However,
Defendant Chmielewski also stated that he would call the Chief
Counsel's Office for clarification on the Carter v. McGrady
**case** as cited by the **Plaintiff**. 292 F.3d 152 (3d Cir. 2002).[2]

On September 20, 2004, Plaintiff followed up this meeting
by sending another DC-135A to Defendant Chmielewski because

---

**2.**    Plaintiff anticipates calling Bobby Brightwell, AM-5842,
as a material witness. He will testify about DC-135As he sent
to staff about the inmate legal assistance issue and the meeting
he had with Defendants Ramer and Chmielewski, as well as Maryjanne
Hesse on September 13, 2004.

several matters remained unsettled and Plaintiff reminded
Chmielewski that he was to make an inquiry with the Chief Counsel's
Office regarding the application of Carter v. McGrady.

In October of 2004, Plaintiff was transferred from I-Unit
to F-Unit by the Unit Manager, Richard Spaide. The purpose of
the cell move was to break up the legal assistance Plaintiff
was giving to other inmates on or on complaints they had against
staff.[3] Less than a month after Plaintiff was transferred from
I-Unit to F-Unit, an incident occurred wherein the block officer,
Thoryk, tore up his law library pass for Thursday, November 18,
2004. Plaintiff filed a grievance concerning this incident.

On November 22, 2004, Jim McKinnon, a staff reporter for
the Pittsburgh Post-Gazette, sent Defendant Klem a letter--the
purpose of which was to see if the prison staff would assist
or facilitate Plaintiff's participation in a criminal justice
conference convened by the **Academy of Criminal Justice Sciences.**
McKinnon also became very concerned about several steps taken
by the prison which appeared to be motivated by bias or even
retaliation. On December 3, 2004, McKinnon communicated his
concern to the prison by sending an e-mail message to Ed Martin,
the Superintendent's Assistant at SCI-Mahanoy.

During an afternoon law library session on December 22,
2004, Defendant Roman approached Plaintiff while he was sitting
at a typewriter with legal paperwork and typing. Defendant

---

**3.**   Plaintiff anticipates calling Kevin Johnson, BQ-3123,
among others, as a material witness concerning events on I-Unit
and what led up to the cell transfer.

Roman requested to see what papers Plaintiff had in his possession.
Roman picked the papers up and after looking through them went
to summon a corrections officer at the control desk in the lobby
of the Education Building.

What resulted was the confiscation of all legal materials
in Plaintiff's possession and he was issued ten (10) misconducts
on December 22, 2004. One was issued by Defendant Roman and nine
(9) others by Defendants Roman, Brzozowski and Wingard.

All of the misconducts were dismissed by the hearing examiner
on December 30, 2004. Only the one issued by Roman had the notation
"may be rewritten."

Roman's misconduct was re-issued on December 30, 2004, and
Plaintiff was ultimately found guilty of disobeying a prior
order not to bring other inmates' paperwork to the law library.

The other nine misconducts were consolidated into one
misconduct and re-issued by Brzozowski and Wingard on January 6,
2005. The misconduct was again dismissed and re-issued again on
January 10, 2005. At a hearing that occurred on January 14, 2005,
Plaintiff was subsequently found guilty of "possession of
contraband" and was sanctioned "revoke contraband."

Meanwhile, since December 22, 2004, Plaintiff had been
consigned to disciplinary custody. Additionally, as a result of
an investigative search of Plaintiff's L-5 property on January 4,
2005, he was issued another misconduct for "possession of
contraband," i.e. legal material deemed to belong to other
prisoners. The misconduct was issued by corrections officers

**Dreher** and **Wingard.** At a misconduct hearing that occurred on January 10, 2005, Plaintiff was found guilty of the charge and sentenced to an additional 30 days of disciplinary custody.

On January 13, 2005, and January 18, 2005, Plaintiff filed grievances concerning SCI-Mahanoy's policies prohibiting inmates from offering or receiving legal advice from other inmates; and from inmates obtaining copies of others' cases, letters or correspondence. Defendants Mooney and Datchko interviewed Plaintiff concerning his grievances and included a discussion of the Carter case.

On March 22, 2005, Plaintiff filed an additional grievance related to his being placed in administrative custody pending transfer following the expiration of his disciplinary confinement.

On March 23, 2005, Secy. Jeffrey Beard, Ph.D., ordered SCI-Mahanoy to conduct a re-hearing on Defendant Roman's misconduct. Re-hearing did not occur until April 8, 2005, which was after Plaintiff's transfer to Dallas on March 30, 2005.

Plaintiff's grievance appeals and subsequent misconduct appeals were ultimately denied by Defendants Bitner and Burks.

**C.**   **Concise Statement of Legal Claims and Contentions**
     **as to Liability**

Plaintiff's initial complaint numbered **72 ¶¶** and is followed by a summary/conclusion that may be construed as setting forth the following counts against the defendants:

   1.   **The** defendants deprived Plaintiff of his First
   Amendment right to file prison grievances without

- 6 -

**fear** of retaliation;

2.   Plaintiff's transfer from SCI-Mahanoy to SCI-Dallas
was in retaliation because he assisted other prisoners
with their legal claims;

3.   **The** prison's policy which prohibits prisoners from
mutually assisting one another while in the law library,
exercise yard, or on a housing unit, with drafting legal
filings, prison grievances, or DC-135As (Requests to
Staff), is an exaggerated and unreasonable response to
legitimate penological objectives;

4.   The prison's policy that prohibits prisoners from
obtaining photocopies, prints, internet copies, or
unpublished memorandum opinions of prisoners' cases
is an exagerrated response to legitimate penological
objectives.


Additionally, there are several due process claims which
the complaint may be construed as raising:

1.   **A** due process claim based on the confiscation of
documents whether photocopies, prints, internet copies,
or unpublished memorandum opinions of other prisoners'
cases or correspondence;

2.   **A** due process claim based on an overly broad and
vague definition of "contraband" to include "personal
items or valuables whose ownership cannot be determined"
as applied to the exchange of legal materials among

- 7 -

prisoners.

The first two prongs of Plaintiff's First Amendment claims relate to retaliation. The Report and Recommendation (Doc. 132) noted that Plaintiff must prove that: 1) the conduct in which he was engaged was constitutionally protected; 2) he suffered an "adverse action" at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision of the defendants. Id., at 30 (citing Carter v. McGrady, 292 F.3d 152, 158 (3d Cir. 2002)).

Plaintiff is alleging two separate counts of retaliation against defendants Klem, Chmielewski, Ramer, Mooney, Roman, Brzozowski and Wingard. More specifically, Plaintiff is alleging these defendants engaged in retaliatory conduct based on his status as a "jailhouse lawyer" and for such things as assisting fellow prisoners with filing in-house prison grievances, DC-135As (Requests to Staff), PCRA and Habeas Corpus filings; and, as well, for Plaintiff pursuing his own grievances.

With respect to defendants Burks and Bitner, as supervisory officials, Plaintiff is alleging that they had contemporaneous knowledge of the retaliatory actions taking place but acquiesced therein and/or exhibited deliberate indifference "by failing to act on information indicating that constitutional violations were occurring." Zaire v. Artuz, 2003 WL 230868 (S.D.N.Y.).

Moreover, in addition to Plaintiff's detailed misconduct and grievance appeals, he alleges that he specifically called

Bitner's attention to the retaliatory measures by virtue of
Plaintiff's appeal of the defendants' decision to place him
in administrative custody pending transfer. This appeal was
pursuant to the provisions of the DC-ADM 802 Policy (Administra-
tive Custody Procedures).

With respect to counts 3 and 4, Plaintiff alleges that
the defendants' policies violated his First Amendment rights
because they represented an exaggerated and unreasonable response
to legitimate penological objectives under Turner v. Safely,
482 U.S. 78 (1987).

Moreover, Plaintiff alleges that the defendants violated
his First Amendment right to provide legal advice without fear
of retaliation, and that any action taken against him on that
basis must necessarily be evaluated under Turner v. Safely.
Confer Carter v. McGrady, 292 F.3d 152, 153 (3d Cir. 2002).

Plaintiff further alleges that all of the defendants
violated his 14th Amendment due process rights on at least two
counts.[4]

With respect to the misconduct charge of "contraband"
under the DC-ADM 801 Policy (Inmate Disciplinary Procedures),
Plaintiff contends that the DOC definition thereof flows directly
from the specific language under the statutory provision of **18**

---

**4.**   With respect to the due process claim based on the confis-
cation of Plaintiff's documents, the R & R noted that it did
not construe the complaint as raising such a claim. However, if
the complaint is construed as raising such, then the Mag. Judge
noted that the defendants "are not entitled to summary judgment
on that claim on the basis that there was an adequate state
postdeprivation remedy available to the plaintiff." Id., 48.

Pa.C.S.A. §5123.

The definition of "contraband" under 18 **Pa.C.S.A. §5123** does not expressly forbid a prisoner from having photocopies of legal opinions, published or unpublished, cases or correspondence with other prisoners' names on the caption.

Therefore, it was wholly inappropriate and a violation of due process to charge Plaintiff under a Category B, Class I, charge of "contraband" according to the Inmate Disciplinary Procedures Policy for the possession of legal materials deemed to belong to other prisoners, or materials that did not have the Plaintiff's name on the caption or letterheard. Newell v. Sauser, 79 F.3d 115 (9th Cir. 1996).

Previously, the Department's policy specifically excluded the possession of legal material belonging to other prisoners under a Category B, Class II, charge for "loaning or borrowing property."[5]

D.   **Statement of Damages**

Plaintiff seeks an award of nominal, compensatory and punitive damages from all of the defendants for violations of his First Amendment and his 14th Amendment due process rights. Plaintiff notes that it is not necessary for the court to find that a defendant had any specific intent to deprive the plaintiff of his constitutional rights, or that he or she acted with malice or ill will in order to find for the plaintiff. Simply put,

_____

5.   Plaintiff will introduce as a trial exhibit BC-ADM 801 as revised May 1, 1984.

- 10 -

the plaintiff is entitled to relief if a defendant intended the actions which resulted in a violation of his constitutional rights. Graham v. Connor, 490 U.S. 386, 397 (1989); Parratt v. Taylor, 451 U.S. 527 (1981); Gomez v. Toledo, 446 U.S. 635 (1980) (a plaintiff need not allege that the official acted in bad faith in order to state a claim for relief; burden is on defendant to plead good faith as an affirmative defense); Monroe v. Pape, 365 U.S. 167 (1961); Hudson v. New York City, 271 F.3d 62 (2d Cir. 2001).

E.   **Plaintiff's Witnesses**

**Nancy Garcia**
68 Daviston St.
Springfield, MA 01108
(413)-731-0631

**Jim McKinnon**
Staff Reporter
Pittsburgh Post-Gazette
34 Blvd. of the Allies
Pittsburgh, PA 15222
(412) 263-1939

**Bryant Arroyo**
**SCI-Mahanoy**
301 Morea Road
Frackville, PA 17932

**Robert Spruill**
**SCI-Mahanoy**
301 Morea Road
Frackville, PA 17932

**Kevin Johnson**
**SCI-Mahanoy**
301 Morea Road
Frackville, PA 17932

**Steven Wheatley**
**SCI-Mahanoy**
301 Morea Road
Frackville, PA 17932

**Andrew Middleton**
**SCI-Mahanoy**
301 Morea Road
Frackville, PA 17932

**Johnnie Lee McDowell**
**SCI-Pittsburgh**
P.O. Box 99901
Pittsburgh, PA 15233

**Bobby Brightwell**
**SCI-Houtzdale**
P.O. Box 1000
Houtzdale, PA 16698-1000

**Jose Crespo**
643 W. Lycoming Street
Philadelphia, PA 19140

F.   **Plaintiff's Exhibits**

P-1   Front page of brief as filed in <u>Commonwealth</u>
<u>of Massachusetts v. Fernado Perez</u>, No. 2003-P-608

P-2   Misconduct Report No. A458135 dated
April 1, 2004, as issued by C.O. Antalosky, III

P-3   Affidavit of Kenneth B. Davenport as submitted
in <u>Spruill v. Rosemeyer, et al.</u>

P-4   Program Code "A" - memo dated May 10, 2001 in
re: single celling for lifers and "long-term
offenders"

P-5   **Memo** of Supt. Klem dated October 18, 2002, in
re "Selection for Incentive Program for Long-Term
Offenders"

P-6   Correctional Plan Evaluation of Kenneth B. Davenport
dated December 9, 2003

P-7   Letter from Ernest D. Preate, Jr., Esq., to
Plaintiff dated October 30, 2003

P-8   **DC-135A** - Request to Staff - to Mrs. Ramer,
School Principal, dated April 15, 2004

P-9   DC-135A - Request to Staff - to Mrs. Ramer,
School Principal, dated April 19, 2004

- 12 -

**P-10** DC-135A - Request to Staff - to Mrs. Ramer, School Principal, dated May 3, 2004

**P-11** DC-135A - Request to Staff - to Supt. Klem dated April 21, 2004

**P-12** DC-135A - Request to Staff - to Maj. Temperine dated April 19, 2004

**P-13** DC-135A - Request to Staff - to Ms. Hesse, Staff Librarian, dated April 19, 2004

**P-14** DC-135A - Request to Staff - to Mrs. Ramer, School Principal, dated September 20, 2004

**P-15** DC-135A - Request to Staff - to Dpty. Supt. Chmielewski dated September 20, 2004

**P-16** DC-135A - Request to Staff - to Maj. Michaels dated October 12, 2004

**P-17** DC-135A - Request to Staff - to Dpty. Supt. Novotney dated October 29, 2004

**P-18** DC-135A - Request to Staff - to Unit Manager Vuksta dated October 21, 2004

**P-19** DC-135A - Request to Staff - to Unit Manager Spaide dated August 24, 2004

**P-20** DC-135A - Request to Staff - to Dpty. Supt. Novotney dated November 18, 2004

**P-21** Grievance No. 102028 dated November 18, 2004 (This exhibit includes the response of U.M. Vuksta dated November 23, 2004; Plaintiff's appeal of November 23, 2004; and the Supt.'s response of December 7, 2004)

**P-22** DC-135A - Request to Staff - to Ms. Rosenberger, Employment Officer, dated December 8, 2004

**P-23** DC-135A - Request to Staff - to Ms. Rosenberger, Employment Officer, dated November 23, 2004

**P-24** DC-135A - Request to Staff - to Ms. Rosenberger, Employment Officer, dated November 9, 2004

**P-25** DC-135A - Request to Staff - to Mr. Chmielewski, School Principal, dated November 19, 2002

**P-26** DC-135A - Request to Staff - to Mr. Wall, Employment Officer, dated November 19, 2002

**P-27** DC-135A - Request to Staff - to Ms. Hesse,
Staff Librarian, dated November 29, 2004

**P-28** Memo of Ms. Hesse, Staff Librarian, to
Plaintiff dated November 5, 2004, in re
"Improper Use of Law Library Typewriters"

**P-29** Memo of Dpty. Supt. Chmielewski to Plaintiff
dated September 13, 2004, in re "Library Issues"

**P-30** Letter of Jim McKinnon to Supt. Klem dated
November 22, 2004, in re Plaintiff's participation
in Academy of Criminal Justice Sciences (ACJS)
conference

**P-31** **E-Mail** from Ed Martin, Supt.'s Assistant, to
Jim McKinnon dated December 10, 2004 in re
authorization of the book "Are Cops Racist"

**P-32** DC-135A - Request to Staff - to Ms. Mason,
Corrections Counselor II, dated November 24, 2004

**P-33** Memo of J. Holly and B. Mason, Corrections
Counselors II, to Plaintiff dated December 1, 2004

**P-34** Misconduct Report No. A458191 dated December
22, 2004, and corresponding disposition thereof
dated December 30, 2004, by Examiner J.K. Kane

**P-35** Misconduct Report No. A717770 dated December
22, 2004, and corresponding disposition thereof
dated December 30, 2004, by Examiner J.K. Kane

**P-36** Misconduct Report No. A489671 dated December
22, 2004, and corresponding disposition thereof
dated December 30, 2004, by Examiner J.K. Kane

**P-37** Misconduct Report No. A717767 dated December
22, 2004, and corresponding disposition thereof
dated December 30, 2004, by Examiner J.K. Kane

**P-38** Misconduct Report No. A489672 dated December
22, 2004, and corresponding disposition thereof
dated December 30, 2004, by Examiner J.K. Kane

**P-39** Misconduct Report No. A717768 dated December
22, 2004, and corresponding disposition thereof
dated December 30, 2004, by Examiner J.K. Kane

**P-40** Misconduct Report No. A717769 dated December
22, 2004, and corresponding disposition thereof
dated December 30, 2004, by Examiner J.K. Kane

**P-41**  Misconduct Report No. A717771 dated December 22, 2004, and corresponding disposition thereof dated December 30, 2004, by Examiner J.K. Kane

**P-42**  Misconduct Report No. A489673 dated December 22, 2004, and corresponding disposition thereof dated December 30, 2004, by Examiner J.K. Kane

**P-43**  Misconduct Report No. A717766 dated December 22, 2004, and corresponding disposition thereof dated December 30, 2004, by Examiner J.K. Kane

**P-44**  Re-write of Misconduct Nos. A717770, A489671, A717767, A489672, A717768, A717769, A717771, A489673 and A717766 as consolidated into Misconduct No. A717775 dated January 6, 2005 and disposition by Examiner J.K. Kane dated January 10, 2005

**P-45**  Re-write of Misconduct No. A458191 as A458157 by Roman dated December 30, 2004 (Exhibit includes disposition by Examiner J.K. Kane and subsequent appeals as well as re-hearing on April 8, 2005, by Examiner Donald Jones and subsequent appeals thereof)

**P-46**  Re-write of Misconduct Report No. A717775 as A704754 dated January 10, 2005, by Brzozowski and Wingard (Exhibit includes disposition thereof by Examiner J.K. Kane and subsequent appeals)

**P-47**  Misconduct Report No. A704752 dated January 5, 2005 (Exhibit includes disposition by Examiner J.K. Kane and subsequent appeals)

**P-48**  DC-135A - Request to Staff -- to Dpty. Supt. Chmielewski dated Decemner 30, 2004

**P-49**  18 Pa.C.S.A. §5123 in re "contraband" defined in prisons

**P-50**  BC-ADM 801 (Inmate Disciplinary And Restricted Housing Procedures) as revised December 1983) (Exhibit also includes DC-ADM 801, Inmate Disciplinary Procedures Policy)

**P-51**  Grievance No. 106936 dated January 13, 2005 (Exhibit includes initial grievance, staff responses and Plaintiff's appeals thereof)

P-52 Grievance No. 107198 dated January 18, 2005
(Exhibit includes initial grievance, staff
responses and Plaintiff's appeals thereof)

P-53 Grievance No. 113095 dated March 22, 2005
(Exhibit includes initial grievance, staff
responses and Plaintiff's appeals thereof)

P-54 Nondiciplinary Report No. A707948 dated March
21, 2005 (Exhibit includes staff responses
and Plaintiff's appeal thereto under DC-ADM 802,
Administrative Custody Procedures Policy)

P-55 **Letter** of Donald Williamson, Chief of Transfer/
Transportation and Records, dated May 25, 2005

P-56 Program Review Committee Report of Chmielewski,
Mooney, and Unell dated February 17, 2005;
and Amended Program Review Committee Report
dated March 15, 2005

P-57 DC-135A - Request to Staff - to Dpty. Supt.
Chmielewski dated March 11, 2005

P-58 Program Review Committee Report of Dpty. Supt.
Kneiss, Demming, and Maj. McMillan dated
April 7, 2005 (from SCI-Dallas)

P-59 Grievance No. 110984 dated February 28, 2005
(Exhibit includes Initial Review decision by
Ms. Burda)

P-60 DC-135A - Request to Staff - to Ms. Burda,
Records Office, dated February 4, 2005

P-61 DC-135A - Request to Staff - to Lt. Gavin,
Security, dated March 28, 2005

P-62 DC-135A - Request to Staff - to C.O. Brzozowski
dated January 4, 2005

P-63 DC-135A - Request to Staff - to Capt. Mooney,
Security, dated January 28, 2005 (Exhibit includes
Confiscated Items Receipt No. A182795 dated
January 27, 2005)

P-64 Grievance No. 154039 dated June 1, 2006
(Exhibit includes initial grievance, staff
responses, and Plaintiff's appeal)

P-65 Plaintiff's Request For Admissions and
Defendants' Responses

- 16 -

**P-66** Plaintiff's Request For Additional Admissions and Defendants' Responses

**P-67** Plaintiff's Request for Interrogatories and Production of Additional Documents and Defendants' Responses

**P-68** Plaintiff's Request For Production of Documents and Defendants' responses

**P-69** DC-ADM 007 (Access to Provided Legal Services Policy)

**P-70** DC-ADM 203 (Searches of Inmates and Cells Policy)

**P-71** DC-AMD 802 (Administrative Custody Procedures Policy)

**P-72** Declaration of Bryant Arroyo

**P-73** Bryant Arroyo's Grievance No. 176263 dated January 17, 2007

**P-74** Declaration I of Jose Crespo

**P-75** Declaration II of Jose Crespo

**P-76** Declaration of Kevin Johnson

**P-77** Declaration of Robert Spruill

**P-78** Declaration of Steven Wheatley

**P-79** Declaration of Jim McKinnon

G.    **Special Comment Regarding Status of Discovery**

In response to Judge Jones' Order of May 15, 2007 (Rec. Doc. 63), the defendants filed a certification with the Court on May 25, 2007 (Rec. Doc. 66), stating that they agreed to produce all of the documents Plaintiff requested. (Doc. 66, p. 2) Plaintiff's exhibit (P-68) is a copy of the defendants' responses.

Plaintiff previously indicated to defense counsel that he nver received the said documents. Plaintiff has appended

- 17 -

hereto a copy of a letter he received from Ms. Cheryl Humes'
paralegal indicating they never received or that they have no
record of receiving Defendants' Responses to Plaintiff's
Request for Production of Documents on or near November 27,
2006, as indicated in the defendants' certification.

Wherefore, based on this circumstance, Plaintiff is
requesting the Court to resolve this matter with the parties.


**H.   Estimated number of trial days**

Plaintiff anticipates about 3 to 5 days.


**I.   Special comment with respect to to trial**

Plaintiff has informed the court that he elects to have a
nonjury trial. Additionally, Plaintiff anticipates filing a
motion with the court to have the trial judge tour the Education
Building at Mahanoy and particularly to view the prison's law
library and the area adjacent thereto which has the officer's
control desk.[6]


**Respectfully submitted,**

DATED: _11-20-08_

_Kenneth B. Davenport_
Kenneth B. Davenport, <u>Pro Se</u>
Plaintiff
#AF-7291, SCI-Dallas
1000 Follies Road
Dallas, PA 18612-0286

---

6.   The basis for this is to assist the trier of fact in
making credibility determinations regarding competing versions
of events concerning the misconduct that was issued on December
22, 2004. <u>Cf. Report and Recommendation</u>, 37-39; <u>And see</u>
Plaintiff's Counter-Statement of Material Facts (Rec. Doc. 126,
¶¶21-29)