IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH B. DAVENPORT, | : | |
| Plaintiff, | : | |
| v. | : | No. 4:05-CV-2347 |
| | : | |
| SHARON BURKS, Chief Hearing | : | Judge John E. Jones, III |
| Examiner, *et al.* | : | Magistrate J. Andrew Smyser |
| Defendants, | : | (Electronically filed) |

**DEFENDANTS' PRETRIAL MEMORANDUM**

Plaintiff is a *pro se* prisoner therefore an attorneys' conference was not held.

**A.   FEDERAL COURT JURISDICTION**

This action was brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction under 28 U.S.C. §§1331 and 1343.

**B.   SUMMARY STATEMENT OF FACTS AND CONTENTIONS AS TO LIABILITY**

This lawsuit arose from an altercation between Mr. Davenport and the law librarian, Ms. Roman. Mr. Davenport was working on legal work for other prisoners and when asked to show the material to Ms. Roman he refused in a manner which frightened her. Ms. Roman felt threatened and signaled for assistance. Corrections officers responded. The officers escorted Mr. Davenport to administrative custody pending an investigation. Ms. Roman issued a misconduct to Davenport.

Ms. Roman complained about Mr. Davenport's behavior to her Supervisors; she stated that she did not feel safe with Davenport at SCI-Mahanoy. Superintendent Klem learned about the incident involving Ms. Roman and requested his transfer to another prison. The request was approved and Mr. Davenport was transferred to SCI-Dallas.

Mr. Davenport asserts a federally protected right to assist other prisoners. He claims that he was transferred to punish him for engaging in this protected conduct. The defendant rejects his claim and asserts that he was transferred for security reasons unrelated to any protected activity.

### C.     **UNDISPUTED FACTS**

1. On December 22, 2004, Davenport was in the library while Defendant Donna Roman was working there.

2. On that day, Roman observed Davenport using one of the library typewriters and referring to documents he did not want her to see.

3. It appeared to her that Davenport did not want her to see the documents because he was acting furtively, keeping them covered by other papers when he did not need to refer to them.

4. It is a violation of Department policy for one inmate to retain

possession of the legal property of another, as it is violation of Department regulations for one inmate to charge another inmate for any services – including legal services.

5. Roman found Davenport's behavior to be suspicious; therefore, she approached him, asked him what he was typing and asked to see the documents he was attempting to hide.

6. It appeared to Roman from Davenport's reaction and body language that he did not want her to see the documents even after she had issued him that direction.

7. Roman picked up the documents and discovered they included ones belonging to other inmates.

8. As Roman picked them up, Davenport made a move to snatch the documents back, grabbing a hold of the opposite edges.

9. Roman had a sufficiently strong grip on them to thwart Davenport's effort.

10. Roman was the only staff-member in the library at the time with a number of inmates present – some of whom she knew to be Davenport's friends.

11. Roman was very concerned for her safety and activated the personal alarm receiver (PAR) that she wore while working inside the institution.

12. Thereafter, officers arrived shortly and escorted Davenport out of the library.

13. Although the period between activating the PAR and the officers' arrival was short, Roman believed that Davenport could have harmed her before they arrived.

14. Because of Davenport's actions, Roman issued him misconduct report #A458191 (later renumbered and re-issued as #A458157) charging him with threatening her, refusing to obey her order and possession of contraband (the property of other inmates).

15. Following the incident, Roman continued to feel very threatened and fearful for her safety if Davenport remained at SCI-Mahanoy.

16. Roman expressed her safety concerns to her superiors.

17. Roman was concerned that Davenport would retaliate because of the misconduct report she had issued him and because of his threatening and aggressive manner that prompted her to write it, specifically mentioning her concern because of the periods when she had to work alone.

18. Defendant Klem determined that Davenport's continued presence at SCI-Mahanoy threatened Roman's safety.

19. Klem eventually filed a petition to transfer Davenport from SCI-Mahanoy to separate him from Ms. Roman which was approved.

D.   **DESCRIPTION OF DAMAGES**

Plaintiff claims that he was harmed by defendants' actions.  Defendants deny this contention.

E.   **NAMES OF WITNESSES**

Robert Bitner

Edward Klem

Kenneth Chmieleski

Patricia Ramer

Donna Roman

Vincent Mooney

Ruth  Wingard

Daniel Brzozowski

Sharon Burks

Don Williamson

Plaintiff

F.   **SUMMARY OF TESTIMONY OF EXPERT WITNESS**

Defendants do not intend to call any expert witnesses.

G. **SPECIAL COMMENTS ABOUT PLEADINGS and DISCOVERY**

None.

H. **SUMMARY OF LEGAL ISSUES INVOLVED AND LEGAL AUTHORITIES RELIED UPON.**

Do prisoners have a federally protected right to assist other prisoners with their legal work? *Shaw v. Murphy,* 532 U.S. 223(2001).

Was Mr. Davenport's protected activity a substantial factor in the decisions to confine him in administrative custody and transfer him from SCI-Mahanoy? *Rauser v. Horn,* 241 F.3d 330 (3d Cir. 2001).

I. **STIPULATIONS DESIRED**

None.

J. **ESTIMATED NUMBER OF TRIAL DAYS**

One or two days.

K. **OTHER MATTERS**

**None.**

**L.**     **EXHIBIT LIST**

Attached and marked as **ATTACHMENT A**.

**M.**    **SPECIAL VERDICT QUESTIONS**

Attached and marked as **ATTACHMENT B**.

**N.**    **STATEMENT REGARDING LOCAL RULE 16.2**

The Department of Corrections has full settlement authority in this case and is aware of the provisions of Local Rule 16.2. The appropriate individuals within the Department will be available by telephone during the pre-trial conference.

**O.**    **CERTIFICATE RE: DEPOSITIONS AND VIDEOTAPES**

At this point, defendants do not intend to use any deposition transcripts.

**P.**    **NON-JURY TRIAL**

Not applicable.

**Respectfully submitted,**

**THOMAS W. CORBETT, JR.
Attorney General**

**By:** *s/ Gwendolyn T. Mosley*

**GWENDOLYN T. MOSLEY
Senior Deputy Attorney General
Attorney ID 29157**

**Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 787-1180
Fax:    (717) 772-4526
Date:   November 26, 2008**

**SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Civil Litigation Section**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH B. DAVENPORT,** | : | |
| Plaintiff, | : | |
| v. | : | No. 4:05-CV-2347 |
| | : | |
| **SHARON BURKS, Chief Hearing** | : | Judge John E. Jones, III |
| **Examiner,** *et al.* | : | Magistrate J. Andrew Smyser |
| Defendants, | : | (Electronically filed) |

## CERTIFICATE OF SERVICE

I, **GWENDOLYN T. MOSLEY**, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on November 26, 2008, I caused to be served a true and correct copy of the foregoing DEFENDANTS' PRETRIAL MEMORANDUM by depositing it in the United States Mail, first-class postage prepaid, to the following individual:

Kenneth B. Davenport, #AF-7291
SCI-Dallas
1000 Follies Road
Dallas, PA 18612

*s/Gwendolyn T. Mosley*
**GWENDOLYN T. MOSLEY**
**Senior Deputy Attorney General**